The opinion of the Court was delivered by
Tilghman, C. J.
Two reasons are assigned by the plaintiff in error against the admission of the evidence of the notarial certificate. 1st. That it had not been proved that Nicholas Diehl, jun. had received' a commission of notary public from the governor. 2d. That his certificate was not legal evidence of notice to the indorser of the note.
A notary public is an officer to whom considerable respect is paid by the laws of this State. By the act of 5th March, 1791, he is to be appointed and commissioned by the governor ; he takes an oath of office, holds his office during good behaviour, is authorised to administer oaths, and receive acknowledgments of commercial instruments, make declarations concerning matters done in virtue of his office, and certify the truth thereof under his seal of office. And, moreover, he is enjoined to provide “a public notarial seal, with which he shall authenticate all his acts, on which seal shall be engraven the arms of this Commonwealth,' and it shall have for legend, the name, surname, and office of the notary -using the same, and the place of his residence.” Public convenience requires, that a certificate, under a seal of this kind, should be prima facie evidence, without proving that the person who used it, and signed the certificate, was a notary commissioned by the governor. It ought to be presumed, till the contrary be proved, that no man would dare to assume the office without proper authority. It has been the practice of the Courts, to receive as evidence the certificate of an acknowledgment of a deed, signed by a person styling' himself a Judge, or Justice of the peace, without proof of his having been commissioned by the governor ; and' I think, that upon the same principle, we are bound to receive the certificate of a notary public. Indeed- it has been the daily practice to receive it without objection.
Whether the notarial certificate was evidence of notice to the indorser, depends on an act of assembly passed the 2d *487 January, 1815, by which it. is enacted that “ the official acts, protests, and attestations of all notaries public, acting by the authority of this Commonwealth, certified according to law, under their respective hands and seals of office, may be read and received in evidence of the facts therein certified; provided that any party may be admitted to contradict by other evidence, any such attestation.” It is very well known, that for more than thirty years before the passing of this act, it had been the general usage in this city for notaries to demand payment, and give notice of non-payment of promissory notes; but although their certificates were generally received in evidence by consent, yet, as there was no necessity for protesting a promissory note; the law was not considered as settled, whether a notarial certificate was evidence or not. It is probable, that the putting this matter to rest was one object of the last mentioned act of assembly. This act is to_be construed with reference to our own situation, and to promote our own.convenience ; and this will be most effectually done by extending it to those cases in which our notaries have been accustomed to act officially, whether the notaries of other States and countries had acted in the same manner or not. As to demand of payment, there is no dispute. The notice is what the defendant’s counsel object to, as not being an official act. Strictly speaking, perhaps it may not be so; it certainly, is not considered as'such in all countries. But, within our act of assembly,. it ought to be taken as an official act, because in practice it had been such, and relying on that practice, the holders of notes are not provided with other evidence. I am, therefore^ of opinion, that the evidence was properly admitted by the District Court, and the judgment should be affirmed.
Judgment affirmed.